Daniel C. CADLE, Appellant,

v.

Noel GRAUBART, individually and
d/b/a Graubart & Company,
Appellee.

No. 09–98–079CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 14, 1999.

Decided April 15, 1999.

John W. Tunnell, Welch & Tunnell, Lufkin, for appellant.

Hal R. Gordon, Gordon & Gordon, Houston, William Drew Perkins, Lufkin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

EARL B. STOVER, Justice.

Noel Graubart, individually and doing business as Graubart & Company, (collectively referred to as "Graubart") joined the Cadle Company ("Cadle Co.") and Daniel C. Cadle ("Cadle") as defendants in an existing lawsuit that had been filed to collect on a defaulted promissory note. Graubart sue Cadle for tortious conversion of the original promissory note. Cadle made a special appearance to present a motion objecting to jurisdiction; the motion was overruled. Cadle now brings an interlocutory appeal of the trial court's decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Vernon Supp. 1999).

Complaining the trial court erred in overruling his special appearance motion, Cadle presents two issues for review. In his first issue, Cadle argues Graubart's cause of action does not arise out of or relate to Cadle's contacts with Texas so as to warrant the exercise of specific jurisdiction. In his second issue, Cadle contends he "did not maintain systematic and continuous contacts with the State of Texas so as to warrant the exercise of general jurisdiction."

## STANDARD OF REVIEW

To prevail in a special appearance, a nonresident must negate all bases of personal jurisdiction. *See CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996); *National Indus. Sand Ass'n v. Gibson,* 897

S.W.2d 769, 772 (Tex.1995). "The standard of review of a plea to the jurisdiction is a factual sufficiency review, not a de novo review." *De Prins v. Van Damme,* 953 S.W.2d 7, 13 (Tex.App.—Tyler 1997, writ denied), *cert. denied,* —— U.S. ——, 118 S.Ct. 2060, 141 L.Ed.2d 138 (1998); *see also Hotel Partners v. KPMG Peat Marwick,* 847 S.W.2d 630, 632 (Tex.App.—Dallas 1993, writ denied). "As the trier of fact, the trial judge may draw reasonable inferences from the evidence." *De Prins,* 953 S.W.2d at 13. We may reverse the decision of the trial court only if its ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

## BACKGROUND

The underlying cause of action involved in this appeal was initially brought in Angelina County by the Cadle Co. against Lacey–Hollis, Inc., et al., ("Angelina suit").[1] The purpose of the suit was to collect on a defaulted promissory note. In a different lawsuit in Tarrant County, the Cadle Co. was ordered to turn over various assets, including causes of actions and promissory notes.[2] This turnover order included the promissory note and cause of action involved in the Angelina suit. The turnover order directed the Cadle Co. to turn over to the Tarrant County Sheriff all of the Cadle Co.'s title and interest in the cause of action and promissory note involved in the Angelina suit; the cause of action and promissory note were subsequently sold at a sheriff's sale to Graubart. As a result, Graubart became the substitute plaintiff in the Angelina suit. The package delivered by the sheriff, however, did not include the promissory note. Graubart subsequently filed an amended petition joining Cadle and the Cadle Co. as defendants for the tortious act of conver-

sion of the original promissory note. Cadle, a resident of Ohio, made a special appearance to present a motion objecting to jurisdiction. *See* Tex.R. Civ. P. 120a. Following a hearing, the trial court overruled Cadle's motion.

## PERSONAL JURISDICTION

■■■ A Texas court may assert personal jurisdiction upon a nonresident defendant only if the requirements of both the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Texas long-arm statute are satisfied. *See* U.S. Const. amend. XIV, § 1; Tex. Civ. Prac. & Rem.Code § 17.042; *CSR Ltd.,* 925 S.W.2d at 594. Federal due process requirements include: "(1) whether the nonresident defendant has purposely established 'minimum contacts' with the forum state; and (2) if so, whether the exercise of jurisdiction comports with 'fair play and substantial justice.'" *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528, 542–43 (1985)). *See also International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *CMMC v. Salinas,* 929 S.W.2d 435, 437 (Tex.1996); *CSR Ltd.,* 925 S.W.2d at 595; *National Indust. Sand Ass'n,* 897 S.W.2d at 772. The Texas long-arm statute allows personal jurisdiction over a non-resident defendant who does business in Texas. *See* Tex. Civ. Prac. & Rem.Code § 17.042. The statute lists particular acts that constitute "doing business" and also provides that "other acts" may satisfy the "doing business" requirement. *Id.*

■■■ A defendant's contacts with a forum state may give rise to general or specific jurisdiction. Specific jurisdiction over a nonresident defendant is estab-

---

1. *The Cadle Company v. Lacey–Hollis, Inc., H.E. Lacey, Sarah Lacey, Ben T. Hollis, and Ellen Hollis,* No. 27,372–93–12 (159th Dist. Ct., Angelina County, Tex.).

2. *The Cadle Co. v. Bankston & Lobinger,* No. 67–139324–91 (48th Dist. Ct., Tarrant County, Tex. May 17, 1996).

lished if the "defendant's alleged liability arises from or is related to an activity conducted within the forum." *CSR Ltd.*, 925 S.W.2d at 595; see also *Guardian Royal*, 815 S.W.2d at 227. In contrast, general jurisdiction will be found to exist if the defendant's "contacts are continuous and systematic, permitting the forum to exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state." *CSR Ltd.*, 925 S.W.2d at 595. General jurisdiction requires a more demanding minimum contacts analysis than does specific jurisdiction and requires a showing that the defendant conducted substantial activities within the forum state. *See CSR Ltd.*, 925 S.W.2d at 595; *Guardian Royal*, 815 S.W.2d at 228.

## GENERAL JURISDICTION

■ In his affidavits, Cadle made the following pronouncements. Cadle is a resident of the state of Ohio and has been a resident of that state since 1985. Cadle is not a resident of Texas and is not required to maintain, nor does he maintain, a registered agent for service in Texas. He does not personally conduct business in Texas. He has not committed any tort within the state. He has not visited the state of Texas for any reason for at least two years. He does not own property, pay taxes, or maintain a bank account in Texas. He does not engage in any regular correspondence with any person or business located in Texas. He does not employ, nor has he ever personally employed, any employees or agents in Texas. He is not personally a party to any contract with a Texas resident or to any contract which is to be performed in Texas. Within the last ten years, he has not personally entered into any contract with any Texas resident or any contract to be performed in Texas.

Graubart does not dispute Cadle's evidence nor does he present evidence to the contrary. Cadle's evidence supports his contentions that he has not had continuous or systematic contacts with Texas. Clearly, general jurisdiction has not been established.

## SPECIFIC JURISDICTION

■ Graubart argues the exercise of specific jurisdiction over Cadle is proper under the Texas long-arm statute and federal due process. Graubart presented evidence at the special appearance hearing that Cadle was the president, chief executive officer, sole director, and sole shareholder of the Cadle Co. Thus, Graubart argues, Cadle "would have been involved in the alleged conversion of the promissory note, given his control over the operations of the company and his certain awareness of the turnover order issued regarding that promissory note." Based on this involvement, Graubart contends Cadle "knew that his conduct would produce [an] injury in Texas" and, as such, it is reasonable to find that Cadle may be liable in an individual capacity for the conversion of the promissory note.

■ Jurisdiction over an individual generally cannot be based on jurisdiction over a corporation with which he is associated unless the corporation is the alter ego of the individual. *See Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99–100 (Tex.App.—Houston [14th Dist] 1995, writ denied); *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 708 (Tex.App.—El Paso 1993, no writ). "Alter ego is a basis in law for disregarding the corporate fiction when there is such unity between a corporation and an individual that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice." *Leon Ltd.*, 862 S.W.2d at 707 (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986)). Alter ego "is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and

control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Castleberry,* 721 S.W.2d at 272.

In his affidavits, Cadle stated the following. Cadle may have received a telephone call from Graubart approximately two years ago. The telephone call related to the business of the Cadle Co. and was not of a personal nature. He has never personally corresponded with Mr. Graubart or with any representative of Graubart and Company. He does not have a personal ownership interest in the promissory note which is the subject of the Angelina suit, nor is he personally involved in the handling of the debt owed. The collection of that account is handled by the officers of the Cadle Co. and not by Cadle.

Cadle additionally stated that he is the president, sole shareholder, and sole director of the Cadle Co. The Cadle Co. is an Ohio corporation founded in 1987 under Ohio law. The Cadle Co. is a separate and distinct entity and corporate formalities are observed in the operation of the corporation. The funds of the corporation are not commingled with his personal funds, and he does not use the corporation for personal purposes. The corporation is a viable business entity and is not a sham or alter ego corporation.

The only evidence presented by Graubart in support of his argument that the court should have personal jurisdiction over Cadle is that Cadle was the president, sole shareholder, and sole director of the Cadle Co. This alone is not sufficient to support a theory of alter ego. To the contrary, Cadle's evidence established that corporate formalities were followed, the corporate entity was not being used for personal purposes, and there was no commingling of corporate and personal property. The evidence supports Cadle's claim that the only contacts he had with the forum state were in his capacity as an officer or director of the Cadle Co.

Graubart also argues that personal jurisdiction exists because Cadle committed a tort (the conversion of the promissory note), in whole or in part, in Texas. Graubart's allegations and evidence relevant to the tortious conduct are non-specific. There was no showing that Cadle, in his individual capacity, committed a tort in whole or in part in this state to confer specific jurisdiction on him. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.042(2) (Vernon Supp 1999).

### CONCLUSION

The evidence was insufficient to show that Cadle, in his individual capacity, had purposely established minimum contacts with Texas sufficient to confer personal jurisdiction over him. Issues one and two are sustained. Because we find that personal jurisdiction was lacking, we reverse and render judgment dismissing the action against Cadle.

DISMISSED.