Opinion issued September 15, 2005





















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00791-CV




SUNG J. SONG, Appellant

V.

MARK TRADING, Appellee




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 18084




MEMORANDUM OPINIONAppellant, Sung J. Song, brings this interlocutory, accelerated appeal from the
denial of a special appearance. See Tex. R. Civ. P. 120a; Tex. Civ. Prac. & Rem.
Code § 51.014(a)(7) (Vernon Supp. 2004-2005); see also Tex. R. App. P. 28.1 (“An
appeal from an interlocutory order . . . will be accelerated.”). Song is a defendant in
the underlying case. Appellee, Mark Trading, sued Song, individually, along with
Impex Trading Corp. (“Impex”) and Jay Kim, individually, for breach of contract,
fraud/intentional misrepresentation, and restitution. In his sole issue, Song contends
that the trial court erred in denying his special appearance, challenging the trial
court’s exercise of personal jurisdiction over him. We reverse and render.
BACKGROUND



          In 1999, Mark Trading, a company whose principal place of business is in
Harris County, filed suit against Impex,


 Jay H. Kim, individually,


 and Song,
individually. Song made a special appearance, arguing that he is not subject to
personal jurisdiction in Texas, and answered, subject to the special appearance. Mark
Trading moved for summary judgment against Impex and Song on the three causes
of action alleged in its petition and, notwithstanding Song’s special appearance, the
court granted Mark Trading’s motion. Song filed a bill of review, and the trial court
held a trial, at which Song testified, on Song’s bill of review. Before the court could
issue a judgment on Song’s bill of review, Mark Trading agreed to vacate the
summary judgment and proceeded with the original cause. The court denied Song’s
special appearance on June 23, 2004.



          Impex, a corporation with its principal place of business in Cook County,
Illinois, was incorporated under the laws of the State of Illinois. Impex is not
authorized to do business in Texas and has no agent for service of process in Texas. 
Impex is in the business of manufacturing and wholesaling sportswear. Since its
incorporation, Song has been Impex’s president. At all relevant times, Song, a non-resident of Texas, has resided in Glenview, Illinois. 
          In its original petition, Mark Trading alleged that it had entered into a purchase
contract for merchandise with “Defendant.”


 Mark Trading also claimed it issued
invoices to “Defendant” for merchandise sold to and received by “Defendant.” Mark
Trading claimed the contract called for Impex to purchase $58,032 worth of
merchandise from Mark Trading. Mark Trading claimed “Defendant” failed to make
payment of the invoices and failed to compensate Mark Trading for its loss. 
However, Song alleged that he never entered into a contract with Mark Trading.
Standard of Review
          The Texas long-arm statute authorizes exercise of jurisdiction over a
nonresident who “does business” in Texas. Tex. Civ. Prac. & Rem. Code § 17. 042
(Vernon 1997). The plaintiff has the initial burden to plead sufficient allegations to
bring a nonresident defendant within the personal jurisdiction of a Texas court. BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). The
defendant has the burden of proof to negate all grounds for personal jurisdiction. Id.
(citing Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex. 1985)). 
Whether a court has personal jurisdiction over a defendant is a question of law. Id.
at 794; Silbaugh v. Ramirez, 126 S.W.3d 88, 94 (Tex. App.—Houston [1st Dist.]
2002, no pet.). 
          Determining whether Texas may properly exercise personal jurisdiction
frequently requires the trial court to resolve preliminary questions of fact. BMC
Software, 83 S.W.3d at 794; Silbaugh, 126 S.W.3d at 94. Accordingly, the trial court
may, but need not, file findings of fact and conclusions of law. Tex. R. App. P. 28.1;
see BMC Software, 83 S.W.3d at 794. If the trial court does not file findings of fact
in a special appearance, all questions of fact are presumed to support the judgment. 
Ace Ins. Co. v. Zurich Am. Ins. Co., 59 S.W.3d 424, 427 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). 
Jurisdiction over Nonresident
          A Texas court may properly assert personal jurisdiction over a nonresident
defendant provided the requirements of both the due process clause of the Fourteenth
Amendment of the United States Constitution and the Texas long-arm statute are
satisfied. Silbaugh, 126 S.W.3d at 95. Personal jurisdiction under the Texas
long-arm statute extends to nonresident defendants who are parties to litigation
arising from or related to business they conducted in Texas. Tex. Civ. Prac. & Rem.
Code Ann. § 17.042; Silbaugh, 126 S.W.3d at 95. A nonresident “does business” in
Texas by (1) entering into a contract with a resident, and (2) the contract is to be
performed in Texas, either in whole or part, and by either the resident or the
nonresident. Tex. Civ. Prac. & Rem. Code Ann. § 17.042(1). Because the Texas
long-arm statute reaches as far as the federal and state constitutional guarantees of
due process allow, the statute is satisfied if the exercise of personal jurisdiction
comports with federal due process. BMC Software, 83 S.W.3d at 795; Silbaugh, 126
S.W.3d at 95. Federal due process demands (1) that the nonresident defendant have
purposefully established sufficient minimum contacts with Texas that he could
reasonably anticipate being sued there and (2) that exercising jurisdiction over the
nonresident will not offend traditional notions of fair play and substantial justice. 
Silbaugh, 126 S.W.3d at 95. If the nonresident defendant has purposefully availed
himself of the privileges and benefits of conducting business in Texas, then there are
sufficient contacts to confer personal jurisdiction. Tex. Civ. Prac. & Rem. Code
Ann. § 17.042; BMC Software, 83 S.W.3d at 795; Silbaugh, 126 S.W.3d at 95. 
Purposeful availment “ensures that a defendant will not be haled into a jurisdiction
solely as a result of . . . the ‘unilateral activity of another party or a third person.’” 
Michiana Easy Livin’ Country, 2005 WL 1252268, at *3 (quoting Burger King Corp.
v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985)). Random, fortuitous,
or attenuated contacts are insufficient. BMC Software, 83 S.W.3d at 795; Silbaugh,
126 S.W.3d at 95. The quality and nature of the contacts is determinative–not their
number. Silbaugh, 126 S.W.3d at 95. 
          Minimum-contacts analysis is divided into general and specific jurisdiction. 
Id. General personal jurisdiction requires that the contacts in Texas be continuous
and systematic, but does not require that the cause of action arise from or relate to
activities conducted in Texas. BMC Software, 83 S.W.3d at 796; Id. For a court to
exercise specific jurisdiction over a nonresident defendant, the defendant’s contacts
with Texas must be purposeful, and the cause of action must arise from or relate to
those contacts. Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806
(Tex. 2002). 
Specific Jurisdiction
          We first review the record regarding Song’s contacts with Texas to determine
whether they are sufficient to establish specific jurisdiction. When specific
jurisdiction is asserted, the minimum contacts analysis focuses on the relationship
among the defendant, the forum, and the litigation. Wright v. Sage Eng’g, Inc., 137
S.W.3d 238, 248 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). The Texas
Supreme Court has recently clarified that, when determining whether a nonresident
defendant has purposefully availed itself of the privilege of conducting activities
within the forum state, Texas follows the “additional conduct” standard as originally
set out in Asahi Metal Indus. Co., Ltd v. Superior Court, 480 U.S. 102, 112, 107 S.Ct.
1026, 1032 (O’Connor, J., plurality opinion). Michiana Easy Livin’ Country, Inc.,
2005 WL 1252268, at *4. This standard set out that additional conduct (e.g.
designing the product for or advertising it in the forum state) was required over and
above mere awareness that thousands of a nonresident’s products were ultimately
being sold in the forum state for a nonresident to purposefully avail itself of a forum. 
Asahi Metal Indus. Co., Ltd, 480 U.S. at 112, 107 S.Ct. at 1032.
          In Michiana, the Texas Supreme Court held that neither the misrepresentations
Michiana, the nonresident defendant, allegedly made in response to a telephone call
from a Texas resident, nor Michiana’s arrangements with a shipper to deliver the
product to the Texas resident plaintiff for use in Texas were sufficient to establish
specific jurisdiction over Michiana. Michiana Easy Livin’ Country, Inc., 2005 WL
1252268, at *6.
          Here, the alleged liability, according to Mark Trading, arose from a purchase
contract of merchandise that Mark Trading entered with Song. However, Song, in his
special appearance, contested the existence of this alleged purchase contract between
Mark Trading and himself. Song claimed that the he has no contractual relationship
with Mark Trading and, therefore, “there is no agreement from which performance
could occur in whole or in part in Texas.” Song also noted that the goods that are
allegedly the subject of this suit were never in Texas. Mark Trading attached an
exhibit to both its original petition and its supplemented response to defendant’s
special appearance, which allegedly demonstrates a contract between the parties for
Impex to purchase goods from Mark Trading. This document, a Mark Trading order
form, contains Impex’s name on a line that calls for the “Customer’s Order No.” 
Below Impex’s name is a mailing address in Skokie, Illinois. The order is for 3,224
dozen caps at a price of $18 per dozen for a total of $58,032. Nowhere on this
document is Song’s signature or even mention of his name. Nor does the record
reflect any contact by telephone, mail, fax, or in person between Mark Trading and
Song prior to the delivery of the merchandise at Impex’s warehouse in Illinois. 
Jurisdiction over an individual generally cannot be based on jurisdiction over a
corporation with which he is associated unless the corporation is the alter ego of the
individual. Cadle v. Graubart, 990 S.W.2d 469, 472 (Tex. App.—Beaumont 1999,
no pet.); Vosko v. Chase Manhattan Bank, N.A., 909 S.W.2d 95, 99-100 (Tex.
App.—Houston [14th Dist.] 1995, writ denied). No evidence has been presented that
Impex is the alter ego of Song. 
          In this case, Song filed an affidavit in which he challenged the allegations made
by Mark Trading. In his affidavit, Song swore that he (1) never entered into a
contract with Plaintiff Mark Trading; (2) never entered into a contract with any Texas
resident; (3) never issued an invoice to Plaintiff Mark Trading, nor had he ever
received an invoice from Mark Trading until he received notice of its intent to sue
him; (4) did not enter into a purchase contract of certain services with Mark Trading
despite its allegations to the contrary; (5) never had a business relationship with Mark
Trading; (6) did not receive any goods or services from Mark Trading; (7) did not
promise to pay any sums of money to Mark Trading for goods or services supplied
to Impex or others; (8) never called Mark Trading in the State of Texas for any
reason; (9) never corresponded with Mark Trading in the State of Texas for any
reason; and (10) never had any communications with any representative of Mark
Trading in the State of Texas for any reason. Just as in Michiana where the
nonresident defendant did not meet the additional conduct standard, Song has not
engaged in the requisite additional conduct in the State of Texas to have purposefully
availed himself of this forum. See Michiana Easy Livin’ Country, Inc., 2005 WL
1252268, at *1. 
          Likewise, Song’s alleged misrepresentations to Mark Trading by phone or mail
cannot suffice to support specific jurisdiction over Song because these contacts do not
amount to purposeful availment. Song has not placed large numbers of merchandise
in a “stream of commerce” flowing to Texas; nor has Song designed, advertised, or
distributed merchandise in Texas. See id. at *4. Exercising jurisdiction over Song
“would go far beyond anything we have approved in other commercial cases.” Id. 
The only alleged contacts that Song may have had with the forum state were in his
capacity as an officer of Impex, not in his personal capacity. 
          Song negated all grounds of specific jurisdiction by refuting Mark Trading’s
allegation regarding a contract between Mark Trading and Song that was to be
performed, at least in part, in Texas. See BMC Software, 83 S.W.3d at 793. Because
the alleged liability does not arise from or relate to Song’s activity conducted in
Texas, the State of Texas cannot properly exercise specific, personal jurisdiction over
Song. 
General Jurisdiction
          We now turn to whether the record reflects “continuous and systematic”
contacts with Texas, such that exercising general jurisdiction over Song comports
with due process. The record reveals that Song has never been a resident of Texas
and, before appearing in Texas for a deposition in this matter, had no contacts with
Texas other than telephone calls, faxes, or mail. Song testified that besides his
appearance at the Bill of Review trial, he had never been in Texas. In his affidavit,
Song swore that he (1) had never recruited a Texas resident for employment; (2) had
never advertised in Texas; (3) did not own any property in Texas; and (4) did not
have any bank accounts in Texas. 
          However, Song testified that Impex has had between 10 and 20 customers in
Texas over the last 15 years. Impex, not Song in his personal capacity, employed a
sales representative based in Los Angeles who had an account in Texas and for 15
years served the Texas area. In his capacity as president of Impex, Song has also had
business contacts with two distributors located in Houston, Hong Gil Dong and YK
Trading. Other than these isolated contacts throughout the years, there is no
additional evidence in the record indicating that Song directs marketing efforts to
Texas in the hope of soliciting sales. Song has not purposely established minimum
contacts with Texas such that Song could reasonably anticipate being sued in Texas. 
Burger King Corp., 471 U.S. at 474; 105 S. Ct. at 2183. 
CONCLUSION
          For the reasons discussed above, we hold that the trial court erred in
concluding that Song had minimum contacts with Texas that would allow a Texas
court to exercise personal jurisdiction over him. Because we have determined that
Song did not have the necessary minimum contacts with Texas, we need not
determine whether the exercise of jurisdiction over him comports with traditional
notions of fair play and substantial justice. See Silbaugh, 126 S.W.3d at 96. 
Accordingly, we reverse the trial court’s order denying Song’s special appearance and
render judgment dismissing the claims against appellant for want of jurisdiction.
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.