**E.I. DuPONT DE NEMOURS & COMPANY, Appellant,**

v.

**Ina Sue BAILEY and Chesley Calvin Brown and Robert L. Abernathy and Edsel Dewell Cardwell, et. al., Appellees.**

Nos. 09–98–061CV to 09–98–064CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 14, 1999.

Decided Feb. 18, 1999.

Elizabeth B. Pratt, Sandra Clark, Mehaffy & Weber, Beaumont, for appellant.

Glen W. Morgan, Richard J. Clarkson, Reaud, Morgan & Quinn, Beaumont for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

This interlocutory appeal arises from the trial court's denial of E.I. DuPont De Nemours & Company's special appearance motions in four personal injury suits involving thousands of plaintiffs.[1] Both DuPont and appellees agreed to submit one brief for all four cases; we therefore issue one opinion.

The plaintiffs' claims arise from alleged exposure to asbestos and suit was filed in Orange County, Texas, against DuPont and other defendants. DuPont's sole issue is that the trial court erred in denying their motions for special appearance.

■ "[A] state court can take personal jurisdiction over a defendant only if it has some minimum, purposeful contacts with the state and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *CMMC v. Salinas,* 929 S.W.2d 435, 437 (Tex.1996). DuPont concedes minimum contacts. Accordingly, the only issue on appeal is whether Texas' exercise of personal jurisdiction over DuPont offends traditional notions of fair play and substantial justice.

### STANDARD OF REVIEW

■ "The standard of review of a plea to the jurisdiction is a factual sufficiency review, not a *de novo* review. *See Hotel Partners v. KPMG Peat Marwick,* 847 S.W.2d 630, 632 (Tex.App.—Dallas 1993, writ denied). As the trier of fact, the trial judge may draw reasonable inferences from the evidence. *IFG Leasing Co. v. Ellis,* 748 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1988, no writ)." *De Prins v. Van*

*Damme,* 953 S.W.2d 7, 13 (Tex.App.—Tyler 1997, writ denied), *cert. denied,* —— U.S. ——, 118 S.Ct. 2060, 141 L.Ed.2d 138 (1998). We will not disturb the trial court's ruling if the record contains some evidence of probative value supporting it, or unless the trial court's determination is so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *See De Prins,* 953 S.W.2d at 13.

Neither party requested findings of fact or conclusions of law following the trial court's denial of the special appearance. Absent findings of fact, we presume any factual disputes were resolved in support of the trial court's order. *Zac Smith & Co., Inc. v. Otis Elevator Co.,* 734 S.W.2d 662, 666 (Tex.1987).

### APPLICATION

■ Applying the concept of fair play and substantial justice requires consideration of the following: "(1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 232 (Tex.1991). In appraising these factors, we keep in mind that:

"Because the minimum contacts analysis now encompasses so many considerations of fairness, it has become less likely that the exercise of jurisdiction will fail a fair play analysis." *Schlobohm,* 784 S.W.2d at 357–58[2]; *see also Nikolai,* 922 S.W.2d at 239.[3] "Only in rare cases ... will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Guardian Royal Exch.,* 815

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1998).

2. *Schlobohm v. Schapiro,* 784 S.W.2d 355 (Tex. 1990).

3. *Nikolai v. Strate,* 922 S.W.2d 229 (Tex.App.— Fort Worth 1996, writ denied).

S.W.2d at 231; *see also Nikolai*, 922 S.W.2d at 239.

*Fish v. Tandy Corp.*, 948 S.W.2d 886, 895 (Tex.App.—Fort Worth 1997, writ denied) (footnotes added).

### The Defendant's Burden

■ We cannot conclude it would be a significant burden on DuPont to defend a lawsuit here. The quality, nature and extent of DuPont's activity in Texas leads us to conclude DuPont should expect to be called to our courts. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 359 (Tex.1990).[4] Nothing in the record indicates that litigation in a Texas court would be excessively burdensome or inconvenient to DuPont. *Id.*

DuPont's arguments regarding "the burden" actually pertain to the burden of trying the case in Texas, as opposed to the burden of trying it in Alabama. DuPont argues the burden is greatly increased if Texas retains jurisdiction because the witnesses are located in Alabama. However, the record contains no evidence in support of this contention. There is no evidence identifying the witnesses and attesting to their residence. There is no showing as to the subject matter of their testimony, its relevancy to the claims against DuPont, the necessity of their testimony, the impossibility of their testifying in Texas, or why all possible witnesses would need to testify regarding the claims against DuPont, as opposed to a select few. There is simply no evidence that trying the case in Texas will, in fact, be an excessive burden, as DuPont claims.

DuPont points out a Texas court cannot subpoena residents of Alabama. This does not prevent the witnesses from testifying voluntarily and the record does not reflect any witnesses have informed DuPont they will not or are unable to testify if trial is had in Texas. Furthermore, because there are twenty-two states other than Texas and Alabama involved, it would seem that problem arises regardless of where the suit is filed.

DuPont also points out that Texas will have to apply Alabama law and argues this would be too burdensome. According to Du-Pont's brief, the suits allege exposure in a total of twenty-four states. It is conceivable that the substantive law of more states than just Alabama and Texas will apply. DuPont does not explain why it would be too burdensome for Texas to apply the law of potentially twenty-three other states, but not for Alabama.

### Forum State's Interests in Adjudicating the Dispute

The second factor, the interests of the forum state in adjudicating the dispute, weigh equally in favor of Alabama and Texas. DuPont maintains facilities in both states; thus it is in the interests of Texas, as well as Alabama, to see that those facilities provide a safe working environment.

DuPont asserts Texas has no interest in adjudicating a dispute solely between non-residents. DuPont argues they are a foreign corporation and therefore the cause of action must arise from or be connected with Du-Pont's contacts with Texas. In making this argument, DuPont has fallen into the trap the Texas Supreme Court warned against in *Schlobohm*, 784 S.W.2d at 358. In that case, the court modified the Texas formula for specific jurisdiction stating "[e]ven if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic." *Id.* at 358. There can be no question that DuPont's contacts with this state are continuing and systematic.

We find DuPont's reliance on *Disney Enterprises, Inc. v. Esprit Finance, Inc.*, 981 S.W.2d 25 (Tex.App.—San Antonio 1998, writ dism'd w.o.j.), in support of their argument misplaced. The court in *Disney* found the minimum contacts requirement had not been met. *Id.* While the court did go on to discuss fair play and substantial justice, this was dicta.

### Plaintiff's Interest in Convenient and Effective Relief

The third factor, the plaintiff's interest in obtaining convenient and effective relief,

---

4. We take judicial notice of the fact that DuPont has repeatedly been before the courts of Texas, including those in Orange County.

weighs in favor of Texas. The plaintiffs chose Texas as their forum; therefore, we can presume they do not find it inconvenient or ineffective.

DuPont claims discovery will be "more convenient" for the plaintiffs if trial is had in Alabama. The issue is not one of more or less convenience—that is a *forum non conveniens* argument over which we do not have jurisdiction.[5] Also, we would not presume to decide for the plaintiffs what is convenient for them.

DuPont also contends the majority of plaintiffs are Alabama residents, therefore trial is proper in that state. We are not aware of any authority and DuPont cites none, whereby courts have held a state does not have jurisdiction over a defendant because more of the plaintiffs live in another state. DuPont's argument (as does many of their arguments) focuses solely on comparing the benefits of trial in Alabama to trial in Texas. As noted above, that is not for our consideration at this juncture.

### Interstate Judicial System's Interest in Most Efficient Resolution

The interstate judicial system's interest in obtaining the most efficient resolution, the fourth factor, is clearly best served in Texas. There are other defendants, properly under Texas jurisdiction, included in the suit. It is surely most efficient to conduct only one trial where possible. Texas is a forum where the claims against all the defendants can properly be brought; conducting separate lawsuits would instead run counter to judicial economy and would not further the interest of the interstate judicial system in obtaining the most efficient resolution of controversies.

DuPont asserts "[g]enerally, controversies are resolved most efficiently where witnesses and evidence are *likely* to be located." (Emphasis added.) While we do not disagree with this premise, it does not establish the contrary—that it would be inefficient to resolve the dispute elsewhere. Further, as noted in our discussion under the burdensome factor, the record contains no evidence of where the witnesses are located.

Additionally, all pretrial activity has occurred under Texas procedural rules. To now remove the case to Alabama where those procedural rules may conflict, resulting in further litigation and delay, is decidedly not more efficient.

### States' Interests in Furthering Fundamental Substantive Social Policies

There is no evidence Alabama's interest in furthering the social policies implicated in this case is any greater than that of Texas. Thus the fifth factor does not weigh in favor of either state.

### Conclusion

In light of the factors considered above, we find the trial court's determination that if it retained jurisdiction of DuPont, traditional notions of fair play and substantial justice would not be offended, is not so contrary to the overwhelming weight of the evidence as to be manifestly wrong. DuPont's issue is overruled. The judgment of the trial court is

AFFIRMED.

---

5. We note that Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1999) does not permit appeal from an interlocutory order denying a motion to dismiss for *forum non conveniens* and the Texas Supreme Court has not empowered this court to consider a writ of mandamus on that issue. Further, Tex. Civ. Prac. & Rem.Code Ann. § 71.051 (Vernon Supp.1999), governing *forum non conveniens* in actions for personal injury or wrongful death, does not provide for interlocutory appeal from the trial court's refusal to dismiss.