Sheldon SOLOW and Steven M. Cherniak, Appellants,

v.

CENTURY ASSETS CORPORATION, Individually and Derivatively on Behalf of Century Resources Land, L.L.C., and Edward R. Destefano, Appellees.

No. 09–99–182CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 7, 1999.

Decided Nov. 4, 1999.

David J. Beck, Alistair B. Dawson, Linda K. McCloud, Beck, Redden & Secrest, Houston, for appellants.

Mark Wawro, Jonathan Ross, Susman Godfrey, L.L.P., Houston, R.F. Horka, Silsbee, for appellees.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Sheldon Solow and Steven M. Cherniak bring this interlocutory appeal alleging the trial court erred in denying their special appearances and holding them subject to personal jurisdiction in Texas. The plaintiffs Century Assets Corporation, Century Resources Land, L.L.C. and Edward R. Destefano brought suit against Solow and Cherniak for causes of action including breach of contract, breach of fiduciary duties, anticipatory breach of contract and suit to quiet title. Appellants bring six issues in this appeal.

■ To prevail in a special appearance, a nonresident must negate all bases of personal jurisdiction. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996); *Cadle v. Graubart*, 990 S.W.2d 469, 470 (Tex.App.— Beaumont 1999, no pet.). "The standard of review of a plea to the jurisdiction is a factual sufficiency review, not a de novo review. *See Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 632 (Tex. App.—Dallas 1993, writ denied). As the trier of fact, the trial judge may draw reasonable inferences from the evidence. *IFG Leasing Co. v. Ellis*, 748 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1988, no writ)." *De Prins v. Van Damme*, 953 S.W.2d 7, 13 (Tex.App.—Tyler 1997, writ denied), *cert. denied*, 524 U.S. 984, 118 S.Ct. 2060, 141 L.Ed.2d 138 (1998). We will not disturb the trial court's ruling if the record contains some evidence of probative value supporting it, or unless the trial court's determination is so contrary to the overwhelming weight of the evidence as to be manifestly wrong. *See De Prins*, 953 S.W.2d at 13.

■ The record does not contain findings of fact or conclusions of law following the trial court's denial of the special appearance. Absent findings of fact, we presume any factual disputes were resolved in support of the trial court's order. *Zac Smith & Co., Inc. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex.1987).

## BACKGROUND

In 1994, Destefano, the owner of Century Assets, contacted Solow in New York to solicit Solow's financial backing of an oil and gas prospect in Hardin County, Texas. Both Destefano and Solow were New York residents. Solow, Destefano and Century Assets entered into a letter agreement on September 26, 1995, which called for the creation of a Delaware limited liability company for the purpose of developing oil and gas leases in the Pine Island Prospect in Hardin County, Texas. Substantial aspects of the negotiations were conducted in Texas by Solow and Cherniak's attorneys at Vinson & Elkins in Houston. The Letter Agreement provides that it is governed by Texas law. The letter agreement became part of the LLC agreement which created the derivative plaintiff Century Resources Land, L.L.C. to acquire and own the leases in the prospect. Cherniak, Solow, Destefano and Century Assets signed the LLC agreement. In accordance with the LLC agreement, Solow owned 55% interest in Century Resources and Century Assets owns the remaining 45% interest. Management of the LLC was originally vested in Destefano and Cherniak. Destefano worked up an oil and gas opportunity in Hardin County, negotiated the acquisition of the acreage for the project, and negotiated the acquisition of leases contiguous to the acreage contemplated in the LLC and letter agreements that were necessary to fully develop, expand and protect the project. Solow agreed with and ratified these decisions.

In October of 1997, Solow filed suit against Destefano and Century Assets in New York contending that Destefano was

not fulfilling his obligation to properly manage the affairs of the LLC. Destefano and Century Assets filed a counterclaim against Solow in New York action. In June 1998, Solow ousted Destefano as one of the managers of LLC. Within a month, Solow and Cherniak allowed various leases to terminate on some of the acreage in the project. The leases terminated because, according to Destefano, Solow and Cherniak failed to pay required delay rentals. Destefano then filed the present action in December of 1998.

## PERSONAL JURISDICTION

■ A Texas court may assert personal jurisdiction upon a nonresident defendant only if the requirements of both the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Texas long-arm statute are satisfied. *See* U.S. CONST. amend. XIV, § 1; TEX. CIV. PRAC. & REM.CODE § 17.042 (Vernon 1997); *CSR Ltd.,* 925 S.W.2d at 594. Federal due process requirements include: "(1) whether the nonresident defendant has purposely established 'minimum contacts' with the forum state; and (2) if so, whether the exercise of jurisdiction comports with 'fair play and substantial justice.'" *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991)(citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528, 542–43 (1985)). *See also International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *CMMC v. Salinas,* 929 S.W.2d 435, 437 (Tex.1996); *CSR Ltd.,* 925 S.W.2d at 595. The Texas long-arm statute allows personal jurisdiction over a non-resident defendant who does business in Texas. *See* TEX. CIV. PRAC. & REM.CODE § 17.042. The statute lists particular acts that constitute "doing business" and also provides that "other acts" may satisfy the "doing business" requirement. *Id.*

■ A defendant's contacts with a forum state may give rise to general or specific jurisdiction. Specific jurisdiction over a nonresident defendant. is established if the "defendant's alleged liability arises from or is related to an activity conducted within the forum." *CSR Ltd.,* 925 S.W.2d at 595; *see also Guardian Royal,* 815 S.W.2d at 227. General jurisdiction exists if the defendant's "contacts are continuous and systematic, permitting the forum to exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state." *CSR Ltd.,* 925 S.W.2d at 595. General jurisdiction requires a more demanding minimum contacts analysis than does specific jurisdiction and requires a showing that the defendant conducted substantial activities within the forum state. *See CSR Ltd.,* 925 S.W.2d at 595; *Guardian Royal,* 815 S.W.2d at 228; *Cadle,* 990 S.W.2d at 472. Appellants do not present any arguments concerning general jurisdiction so we do not address that issue.

## SPECIFIC JURISDICTION

■ When specific jurisdiction is asserted, the minimum contacts analysis focuses on the relationship among the defendant, the forum and the litigation. *Guardian Royal,* 815 S.W.2d at 228. The minimum contacts requirement is satisfied if the cause of action arises from or relates to the nonresident defendant's contact with the forum state. *Fish v. Tandy Corp.,* 948 S.W.2d 886, 893–94 (Tex.App.— Fort Worth 1997, pet. denied). However, the nonresident defendant's purposeful conduct must have caused the contact, not the unilateral activity of the plaintiff or others. *Id.* In addition, the nonresident defendant must have "purposefully directed" its activities toward the forum, and the litigation must result from alleged injuries that arise from or relate to those activities. *Id.*

■ In the present case, Solow and Cherniak argue that their contacts with Texas were made in their official capacities on behalf of the LLC and are thus insuffi-

cient to support jurisdiction over them in their individual capacities. Jurisdiction over an individual generally cannot be based on jurisdiction over a corporation with which he is associated unless the corporation is the alter ego of the individual. *Cadle,* 990 S.W.2d at 472. The record reflects, however that appellants' contacts with Texas subject them to jurisdiction individually as well as in their corporate capacities.

During the special appearance hearing, Destefano testified that paragraph 6 of the September 26, 1995, letter agreement grants Solow personal rights in drilling prospects in Hardin County. Destefano testified that from the beginning of their business arrangement, Solow had personal rights granted to him in the agreement. These rights included a right of first refusal to buy out the project, to match any third party offer, and to be an individual participant in any drilling in Hardin County. After the LLC was formed, Solow and Destefano corresponded many times concerning Solow's rights as an individual in drilling prospects in Hardin County. Solow's correspondence to Destefano contains Solow's own assertions that according to the terms of their agreement, Solow has personal rights granted to him concerning drilling in Hardin County. In a letter from Solow to Destefano dated August 7, 1997, Solow states that paragraph 10 of the letter agreement evidences the fact that acreage in Hardin County paid for by Solow belongs entirely to Solow. In a letter from Cherniak to Destefano dated January 23, 1998, Cherniak stated that "Mr. Solow owns all the land outside of Tract I and II himself." Destefano also testified during the special appearance hearing that Solow owned some of the land involved in the project. Before Destefano was discharged as a manager for the LLC, Solow and Cherniak sent Destefano several pieces of correspondence concerning proposed changes in their contractual agreement. Destefano testified that Solow and Cherniak were not acting on behalf of the LLC at that time.

Additionally, the LLC agreement provides that no member can do any act that would bind the LLC and no manager can take actions without the consent of all of the members, including appointing an operator in connection with the Hardin County leases. Destefano alleges that Solow and Cherniak have, without Century Assets consent, appointed Brammer Engineering to operate the Hardin County leases and drill wells on them. This conduct, as sworn to by Destefano, amounts to a breach by Solow and Cherniak of their contractual and fiduciary duties.

 The above evidence reveals that Solow and Cherniak purposefully established minimum contacts with Texas. After a determination that a nonresident defendant has purposefully established minimum contacts with the forum state, the court must determine whether the assertion of personal jurisdiction comports with fair play and substantial justice. *Fish,* 948 S.W.2d at 894. Applying the concept of fair play and substantial justice requires consideration of the following: "(1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Guardian Royal,* 815 S.W.2d at 232. Because the minimum contacts analysis now encompasses so many considerations of fairness, it has become less likely that the exercise of jurisdiction will fail a fair play analysis. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357–58 (Tex.1990); *E.I. Du-Pont De Nemours & Co. v. Bailey,* 986 S.W.2d 82, 83 (Tex.App.—Beaumont 1999, no pet.).

 Solow and Cherniak argue on appeal that litigating this case in Hardin County is "extremely burdensome" because they both live in New York. The

nature and extent of appellants' contacts with Texas justify a conclusion that appellants should expect to be called to our courts. Nothing in the record indicates that litigation in a Texas court would be excessively burdensome or inconvenient to appellants. In light of the fact that they have engaged in business in Hardin County and have a personal interest in lease projects in the county, we cannot say that litigating a dispute in that county would be unreasonably burdensome.

In regard to the second factor, Texas has a legitimate interest in adjudicating this matter because the dispute involves oil and gas leases in Hardin County. Texas' interest in enforcing its own law is heightened when the case involves a business directed solely to mineral resources in Texas. *Texas Commerce Bank v. Interpol '80 Ltd. Partnership*, 703 S.W.2d 765, 773–74 (Tex.App.—Corpus Christi 1985, no writ). Additionally, the letter agreement adopts Texas law, and the LLC agreement, which both Solow and Cherniak signed, adopts the letter agreement.

The third factor, the plaintiff's interest in obtaining convenient and effective relief, weighs in favor of Texas. Destefano chose Texas as his forum; we cannot presume he finds it inconvenient or ineffective. *E.I. DuPont De Nemours & Co.*, 986 S.W.2d at 85.

Finally, it appears that the interstate judicial system's interest, as well as the shared interest of the several states, would best be served by the suit proceeding in Texas. After all, that is where all the work appears to have taken place, where the property involved is located, and where much of the negotiations over the aspects of the agreements between the parties took place. In the interest of judicial economy, the disputes among all parties involved could be settled by suit in Texas.

In light of the factors considered above, we find the trial court's denial of the special appearance does not offend traditional notions of fair play and substantial justice, and the court's decision is not so contrary to the overwhelming weight of the evidence as to be manifestly wrong. Appellants' issues are overruled. The judgment of the trial court is AFFIRMED.