Charles D. MABRY, Appellant,

v.

Virgil REID, Appellee.

No. 09–03–343 CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 24, 2003.

Decided March 4, 2004.

Greg M. Dykeman, Strong Pipkin Bissell & Ledyard, LLP, Beaumont, for appellant.

Matthew L. Hoeg, Thurston C. Bailey, Andrews Kurth, LLP, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is an interlocutory appeal from an order granting a special appearance of an out-of-state defendant. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(7) (Vernon Supp.2004). *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 793 (Tex.2002). We affirm the trial court's order.

Plaintiff Charles Mabry and his brother Daniel Mabry were the owners of a metal casting foundry in Beaumont, Texas. Citation Corporation purchased the stock of the foundry from the Mabry brothers. As part of that agreement, the Mabry brothers became employees of Citation, signing identical employment and non-competition agreements.

Eventually, both Daniel and Charles disputed the amount due to them under their employment agreements. Daniel notified Citation of the company's alleged breach of contract and was proceeding with arbitration as required by the agreement. Charles had not yet done so. Virgil Reid was an employee of Citation, and not a Texas resident. As part of his regular duties, Reid would visit Citation's various operations, including visiting Beaumont from time to time. Charles alleged that he and Reid entered into an oral agreement during one of those visits in which, in return for Charles agreeing not to assert the claims under his agreement, Citation would compensate him the same amount as Daniel. Over three years later, Daniel was awarded $123,054 in additional compensation. While Daniel's claim was pending, Charles refrained from asserting his rights against Citation. When Citation refused to pay the identical amount to Charles, Charles sued Citation (and related entities) for breach of contract and fraud, seeking damages of $123,054 plus interest, attorneys' fees and costs. Charles subsequently filed a motion for partial summary judgment. In Citation's response to this motion, Citation asserted that Reid did not have the authority to enter into any settlement agreement. Charles alleges that Citation had not asserted this lack of authority prior to its January 17, 2003, response to his motion for partial summary judgment. However, in response to an interrogatory filed on or about July 24, 2001, Citation stated "... Reid did not have the authority to enter into any alleged oral agreement...."

On January 27, 2003, Mabry filed a Second Amended Original Petition, which added Virgil Reid, individually, as a defendant, allegedly because Citation was, for the first time, raising the issue of Reid's capacity to bind it to any agreement. Mabry's motion for partial summary judgment was denied. Reid subsequently filed a special appearance, pursuant to Rule 120a of the Texas Rules of Civil Procedure, asserting that the purported exercise of jurisdiction over him by the Texas courts would deprive him of Due Process of Law, as guaranteed by the Constitution of the United States. In support of the special appearance, Reid filed his affidavit and deposition excerpts. Mabry filed a "Response to De-

fendant Virgil Reid's Memorandum and Evidence in Support of Defendant Virgil Reid's Special Appearance." The trial court granted Reid's special appearance.

Mabry raises three issues on appeal: (1) the trial court erred in granting Reid's special appearance because Reid presented no evidence that his actions were performed within the course and scope of his employment with Citation Corporation; (2) the trial court erred in granting Reid's special appearance because Texas case law holds the fiduciary shield doctrine (which protects a corporate employee from personal jurisdiction when all the individual's contacts in Texas were on behalf of an employer) is not applicable when a corporate employee, such as Reid, commits a tort on behalf of his employer; and (3) the trial court erred in failing to file findings of fact and conclusions of law.

■ Texas courts' jurisdiction over non-resident defendants is governed by the Long Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–.045 (Vernon 1997 & Supp.2004), which permits the exercise of jurisdiction over non-residents that do business in the state. Section 17.042 sets forth a non-exclusive listing of activities which constitute doing business. *Marchand*, 83 S.W.3d at 795. The "doing business" requirement is as broad as the United States Constitution permits. *See General Elec. Co. v. California Ins. Guar. Ass'n*, 997 S.W.2d 923, 926 (Tex.App.-Beaumont 1999, pet. denied); *Carrot Bunch Co., Inc. v. Computer Friends, Inc.*, 218 F.Supp.2d 820, 824 (N.D.Tex. 2002).

■ A plaintiff has the initial burden of pleading sufficient allegations to bring a

non-resident within the provisions of the statute. *Marchand*, 83 S.W.3d at 793. A defendant challenging the Texas court's jurisdiction over it must negate all jurisdictional bases. *Id.* "Whether a court has personal jurisdiction over a defendant is a question of law." *Id.*[1] *See also American Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex.2002). Review is *de novo. Id; see also Allianz Risk Transfer (Bermuda) Ltd. v. S.J. Camp & Co.*, 117 S.W.3d 92, 95 (Tex.App.-Tyler 2003, no pet.). "When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied." *Marchand*, 83 S.W.3d at 795; *Solow v. Century Assets Corp.*, 12 S.W.3d 512, 514 (Tex.App.-Beaumont 1999, no pet.). "When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal or factual sufficiency in the appropriate appellate court." *Marchand*, 83 S.W.3d at 795. "On appeal, we determine the special appearance on the basis of the pleadings, any stipulations by and between the parties, such affidavits and attachments as may be filed by the parties, the result of discovery processes, and any trial testimony." *Allianz Risk Transfer (Bermuda) Ltd. v. S.J. Camp & Co.*, 117 S.W.3d at 95.

■ Personal jurisdiction over a non-resident defendant meets constitutional due process requirements when: "(1) the defendant has established minimum contacts with the forum state, and (2) the court's exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Marchand*, 83 S.W.3d

---

1. Both Appellant and Appellee assert that the appropriate standard of review is "abuse of discretion." Citing *Eakin v. Acosta*, 21 S.W.3d 405 (Tex.App.-San Antonio 2000, no pet.). That case, and others applying an abuse of discretion standard only, were disapproved by the Supreme Court in *Marchand, supra.*

at 795 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The non-resident defendant must purposefully avail himself of the privileges and benefits of conducting business in the foreign jurisdiction. *Marchand*, 83 S.W.3d at 795 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). Random, fortuitous, or attenuated contacts are not sufficient. *Id.* Defendant's conduct and connection with the state is required to be such that he could reasonably anticipate being sued in the forum state. *Delta Brands, Inc. v. Rautaruukki Steel*, 118 S.W.3d 506, 510 (Tex. App.-Dallas 2003, pet. filed). "Personal jurisdiction exists if the non-resident defendant's minimum contacts give rise to either specific or general jurisdiction." *Marchand*, 83 S.W.3d at 795. "Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum." *Id.* at 796. General jurisdiction refers to a situation where defendant's contacts with the forum state are continuous and systematic, so that the forum state may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted in the forum state. *Id.* No contention is made in this case that jurisdiction is established by general jurisdiction, and we do not consider it. In evaluating whether the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice, the court will consider: "(1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering funda-

mental substantive social policies." *Delta Brands*, 118 S.W.3d at 510–11.

The record in this case consists of Reid's affidavit and deposition excerpts from both Reid and Mabry. There was a hearing held on the special appearance; however, no testimony or documentary evidence was offered.

■ The record establishes that Reid, although admitting the subject of the Mabrys' dispute was discussed, denied that he had authority to, or did in fact, enter into any oral settlement agreement with Charles Mabry. Mabry testified by deposition as to an alleged oral settlement agreement based upon his understanding in conversations with Reid during one of their Beaumont meetings. By granting Reid's motion, the trial court made an implied factual determination that either there was no oral settlement agreement or Reid's conduct in the course of the settlement negotiation was not fraudulent. By presenting legally and factually sufficient evidence that Reid committed no act that would justify a Texas court's assertion of jurisdiction over him, Reid negated an essential jurisdictional element of Mabry's claim and eliminated the basis for the Texas courts' jurisdiction. *Cf. French v. Glorioso*, 94 S.W.3d 739, 747 (Tex.App.-San Antonio 2002, no pet.). ("[W]here jurisdiction rests upon the fact the defendant committed a tortious act, the specially appearing defendant can defeat the exercise of jurisdiction by proving that he did not do the act alleged.") Issue One is overruled.

In his second issue Mabry contends, as an alternative argument, that the so-called "corporate shield" doctrine does not shield Reid from the personal jurisdiction of Texas courts because Reid committed a tort on behalf of his employer. Because the tort allegedly committed by Mabry was the making of an unauthorized representation, and we have already determined that

the trial court made an implied finding that no such representation was made. We overrule Issue Two.

In Issue Three, Mabry contends this court should abate the appeal because the trial court did not issue findings of fact and conclusions of law. However, a trial court need not issue findings of fact and conclusions of law in connection with its ruling on a special appearance. *See Bruno's, Inc. d/b/a Food World v. Arty Imports, Inc.,* 119 S.W.3d 893, 897 n. 2 (Tex. App.-Dallas 2003, no pet.) (citing *Smith Barney Shearson, Inc. v. Finstad,* 888 S.W.2d 111, 114 (Tex.App.-Houston [1st Dist.] 1994, no pet.)); *Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.-Houston [14th Dist.] 1990, no pet.); TEX. R.APP. P. 28.1; and TEX.R. CIV. P. 296, 297. Issue Three is overruled.

AFFIRMED.

BURGESS, Justice, filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority states:

The record establishes that Reid, although admitting the subject of the Mabrys' dispute was discussed, denied he had authority to, or did in fact, enter into any oral settlement agreement with Charles Mabry. Mabry testified by deposition as to an alleged oral settlement agreement based upon his understanding in conversations with Reid during one of their Beaumont meetings.[2]

They then conclude: "By granting Reid's motion, the trial court made an implied factual determination that either there was no oral settlement agreement or Reid's conduct in the course of the settlement negotiation was not fraudulent. By pre-

senting legally and factually sufficient evidence that Reid committed no act that would justify a Texas court's assertion of jurisdiction over him, Reid negated an essential jurisdictional element of Mabry's claim and eliminated the basis for the Texas courts' jurisdiction."

Whether a court has personal jurisdiction over a defendant is a question of law. *Hotel Partners v. Craig,* 993 S.W.2d 116, 120 (Tex.App.-Dallas 1994, writ denied). In resolving this question of law, a trial court must frequently resolve questions of fact. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). When reaching a decision to exercise or decline jurisdiction based on the defendant's alleged commission of a tort, the trial court should rely only upon the necessary jurisdictional facts and should not reach the merits of the case. In other words, ultimate liability in tort is not a jurisdictional fact, and the merits of the cause are not at issue. *Portland Sav. & Loan Ass'n. v. Bernstein,* 716 S.W.2d 532, 535 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.), *rev'd on other grounds by Dawson–Austin v. Austin,* 968 S.W.2d 319 (Tex.1998). Accordingly, where the plaintiff alleges an action in tort that arose out of an act committed in Texas, the necessary proof is only that the purposeful act was committed in this State. *Ring Power Sys. v. Int'l de Comercio Y Consultoria,* 39 S.W.3d 350, 353 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Arterbury v. Am. Bank & Trust Co.,* 553 S.W.2d 943, 948 (Tex.Civ.App.-Texarkana 1977, no writ). In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v.*

---

**2.** Does the majority engage in a credibility determination when they describe Mabry's deposition testimony as only establishing an alleged oral agreement?

*Brown,* 80 S.W.3d 549, 555 (Tex.2002); *Texas Natural Res. Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554–55 (Tex.2000).

A portion of Mabry's claim is fraud. The only jurisdictional facts the trial court should have considered were whether Reid was in Jefferson County and whether there was a discussion about the matter. Whether the discussions did in fact constitute an oral agreement or a fraudulent one go to the merits of the case and beyond the jurisdictional facts. Consequently, I disagree with the majority's holding on issue one. I would reverse the trial court's order granting the special appearance.