In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-480 CV


 ______________________


 

CHARLES D. MABRY, Appellant



V.



VIRGIL C. REID, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-177040






MEMORANDUM OPINION 


 This is an accelerated appeal from a trial court's dismissal order granting Virgil Reid's
special appearance motion. We affirm the order. 

 Charles Mabry sued Virgil Reid in a prior lawsuit based on the same facts. The trial
court granted Reid's special appearance motion in that case and dismissed him from the
lawsuit because of lack of personal jurisdiction. Mabry appealed to this Court, and we
affirmed the trial court's order. See Mabry v. Reid, 130 S.W.3d 385, 390 (Tex. App.--Beaumont 2004, no pet.). Mabry did not appeal our decision. A year later, in a different
case, the Texas Supreme Court disapproved of Mabry and other opinions with holdings based
on similar considerations. See Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d
777, 791-92 & n.82 (Tex. 2005) (disapproving of appellate court holdings that "specific
jurisdiction turns on whether a defendant's contacts were tortious rather than the contacts
themselves."). 

 After the Michiana decision, Mabry sued Reid again. The current lawsuit involved
in this appeal contains fraud allegations based on the same operative facts as those alleged
against Reid in the prior lawsuit. Again the trial court granted Reid's special appearance
motion and dismissed the suit for want of jurisdiction. Mabry filed this appeal. See Tex.
Civ. Prac. & Rem. Code Ann. 51.014(a)(7) (Vernon Supp. 2006). 

 In Reid's special appearance motion, he asserted he did not have sufficient minimum
contacts with Texas for a Texas court to assume jurisdiction over him. He also asserted that
the exercise of jurisdiction over him would offend traditional notions of fair play and
substantial justice because the matter already has been litigated and cannot be re-litigated. 
See generally Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007)
(personal jurisdiction proper when nonresident defendant has established minimum contacts
with forum state and exercise of jurisdiction comports with traditional notions of fair play
and substantial justice). 

 By filing this lawsuit against Reid on the same operative facts as in the earlier lawsuit,
Mabry is attempting to litigate the decided jurisdiction issue again. "A collateral attack is
an attempt to avoid the binding force of a judgment in a proceeding not instituted for the
purpose of correcting, modifying, or vacating the judgment, but in order to obtain some
specific relief which the judgment currently stands as a bar against." Browning v. Prostok,
165 S.W.3d 336, 346 (Tex. 2005) (collateral attack on bankruptcy court's confirmation
order). Collateral attacks on final judgments are generally disallowed because it is the law's
policy to give finality to judgments. See id. at 345 . 

 A party may collaterally attack a void order. See id. at 346; see generally Henderson
v. Chambers, 208 S.W.3d 546, 549-554 (Tex. App.--Austin 2006, no pet.) (collateral attack
on divorce decree). Mabry does not argue the 2003 dismissal order is void. (Mabry Brief) 
He does not allege that extrinsic fraud denied him an opportunity to fully litigate the
jurisdiction issues in the trial court, or that extrinsic fraud prevented him from appealing this
Court's earlier decision to the Texas Supreme Court. He does not assert different
jurisdictional facts, nor does he assert a change in circumstances or in Reid's contacts with
Texas. He may not avoid the determinative effect of the prior order based solely on the
argument that the earlier decision was made incorrectly. See generally Hallco Texas, Inc.
v. McMullen County, 221 S.W.3d 50, 60-61 (Tex. 2006) ("[C]laim preclusion inheres
regardless of whether the prior decision was correct. If Hallco wished to challenge the court
of appeals' decision, it could have filed an appeal, which it chose not to do.") (citation
omitted). The Texas Supreme Court's decision in Michiana, expressly disapproving of the
basis for the holding in Mabry, did not have the effect of rendering the dismissal order in
Mabry void. To haul Reid back into court with a second lawsuit on the same facts without
a change in jurisdictional contacts -- when the threshold jurisdictional issue has already been
litigated -- would offend traditional notions of fair play and substantial justice.

 Mabry's issues on appeal are overruled. The dismissal order of the trial court is
affirmed. 

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice


Submitted on March 29, 2007

Opinion Delivered August 2, 2007 


Before McKeithen, C.J., Gaultney and Horton, JJ.