MEMORANDUM OPINION



No. 04-07-00280-CV



Johnnie DENNIS,


Appellant



v.



GILES GROUP, INC. d/b/a Furniture Factory Warehouse, Inc.,


Appellee



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 2005-CI-15191


Honorable Lori Massey, Judge Presiding (1)



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: January 23, 2008 


AFFIRMED IN PART, REVERSED AND REMANDED IN PART

 Johnnie Dennis was injured when he sat on a stool in a retail store and the stool collapsed. 
Dennis sued the retailer, Giles Group, Inc. ("Giles"), asserting various claims. Dennis appeals the
summary judgments granted in favor of Giles contending the trial court erred by: (1) striking his third
and fourth amended petitions; (2) concluding Giles was not a manufacturer; and (3) determining that
Dennis did not produce sufficient summary judgment evidence to create a genuine issue of material
fact as to whether the Taiwanese manufacturer of the stool is subject to the jurisdiction of the Texas
court. We reverse the portion of the trial court's judgment granting the no-evidence motion for
summary judgment as to Dennis's products liability claim against Giles as a nonmanufacturing seller
and remand that claim to the trial court for further proceedings. We affirm the remainder of the trial
court's judgment.

Background

 While shopping for furniture at a retail store, Dennis sat on a stool that was part of an
elevated dining set. The stool broke at a weak weld, and Dennis fell onto a concrete floor allegedly
sustaining injuries that required surgery. Dennis sued Giles, the retailer, asserting numerous causes
of action. 

 Initially, Dennis did not sue the Taiwanese manufacturer of the stool but instead sought to
sue Giles and its distributor as liable nonmanufacturing sellers. Dennis alleged that the Taiwanese
manufacturer was not subject to the jurisdiction of the Texas court and that, therefore, Giles and its
distributor were liable under Texas's products liability statutes. Dennis also alleged negligence,
breach of warranty, and liability under respondeat superior. The trial court granted partial summary
judgment on the products liability claim, finding that Giles was not liable as a nonmanufacturing
seller because Dennis proffered no evidence that the Taiwanese manufacturer was beyond the
jurisdiction of the court. 

 In his second amended petition, Dennis alleged alternatively that Giles was a manufacturer
because it had assembled the stool. The trial court disagreed and granted summary judgment in favor
of Giles as to Dennis's products liability, breach of warranty, and negligence causes of action. 
Dennis attempted to file a third and fourth amended petition naming the Taiwanese manufacturer
as a defendant and adding DTPA claims against Giles, but the trial court struck both petitions. 
Dennis's motion for new trial was denied, and Dennis appealed.

Standard of Review for Summary Judgment

 A traditional summary judgment requires the movant to establish that there is no genuine
issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). The
movant has the burden to conclusively disprove one element of the challenged cause of action or to
conclusively prove all of the elements of an affirmative defense. Wornick Co. v. Casas, 856 S.W.2d
732, 733 (Tex. 1993). Evidence favorable to the non-movant will be taken as true, and every
reasonable inference and any doubts will be resolved in the non-movant's favor. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). This means a matter is conclusively established
if reasonable people could not differ as to the conclusion to be drawn from the evidence. City of
Keller v. Wilson, 168 S.W.3d 802, 814 (Tex. 2005).

 No-evidence summary judgment requires the movant to specifically challenge the evidentiary
support for an element of a claim or defense. Tex. R. Civ. P. 166a(i) cmt. (1997); Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The movant is entitled to summary judgment
if it can prove, as a matter of law, that the opponent failed to produce legally sufficient evidence to
support its theory of liability or defense after adequate time for discovery. Tex. R. Civ. P. 166a(i). 
Once the movant files a motion for no-evidence summary judgment, the non-movant has the burden
to produce summary judgment evidence raising a genuine issue of material fact on the challenged
element. Id.; Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). However, the non-movant is not required to marshal its proof but only to present some evidence of probative value
raising a fact issue about which reasonable minds could differ. Tex. R. Civ. P. 166a(i) cmt. (1997);
Ford Motor Co., 135 S.W.3d at 601; Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997). We view the evidence in the light most favorable to the non-movant and disregard all
contrary evidence and inferences. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003); see also Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet.
denied).

DTPA Claims


 In granting summary judgment in favor of Giles on Dennis's products liability, breach of
warranty, and negligence claims, the trial court also found that Dennis had no remaining causes of
action against Giles. Dennis argues that the trial court erred in disposing of his DTPA claims
because those claims were not addressed in Giles's motion.

 In determining whether the trial court erroneously granted summary judgment on Dennis's
DTPA claims, we review the entire record. Kalyanaram v. Univ. of Tex. Sys., 230 S.W.3d 921, 925
(Tex. App.--Dallas 2007, pet. filed). A final summary judgment may not be granted as to newly-pled claims not addressed in the motion for summary judgment. Chessher v. Sw. Bell Tel. Co., 658
S.W.2d 563, 564 (Tex. 1983); Fraud-Tech, Inc. v. Choicepoint, Inc., 102 S.W.3d 366, 387 (Tex.
App.--Fort Worth 2003, pet. denied). Giles did not amend its summary judgment motion to address
the newly-pled DTPA claims; therefore, we must determine whether the trial court properly disposed
of those claims.

 Dennis added the DTPA claims in his third and fourth amended petitions. By striking the
petitions adding the DTPA claims, the trial court disposed of those claims; however, Dennis
contends that the trial court abused its discretion in striking his pleadings.

 Rule 63 of the Texas Rules of Civil Procedure governs the amendment of pleadings unless
there is a scheduling order pursuant to Rule 166, in which case the scheduling order governs. 
Lindley v. Johnson, 936 S.W.2d 53, 55 (Tex. App.--Tyler 1996, writ denied). Once the scheduling
order deadline expires, the pleader must obtain leave of court to file an amended petition. Hart v.
Moore, 952 S.W.2d 90, 95 (Tex. App.--Amarillo 1997, pet. denied). 

 Dennis's third amended petition, adding DTPA claims, was filed with the trial court on
January 19, 2007, more than five weeks after the December 8, 2006 scheduling order deadline for
Dennis to amend his pleadings. Dennis's fourth amended petition was filed the day of the summary
judgment hearing on January 26, 2007, more than six weeks after the deadline had passed to amend
his pleadings. Dennis did not request leave to file the third amended petition. Dennis requested
leave to file the fourth amended petition, however, on the same day it was filed.

 We review a trial court's refusal to allow an amendment to the pleadings for an abuse of
discretion. Greenhalgh v. Serv. Lloyds Ins. Co., 787 S.W.2d 938, 940 (Tex. 1990). We also review
a trial court's enforcement of a scheduling order for an abuse of discretion. G.R.A.V.I.T.Y. Enter.,
Inc. v. Reece Supply Co., 177 S.W.3d 537, 542 -544 (Tex. App.--Dallas 2005, no pet.). We will not
reverse a trial court's judgment for abuse of discretion unless the trial court acted in an arbitrary
manner, without reference to any guiding rules or principles. In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002). It must be clear from the record that the trial court could have reached only
one contrary decision. Id.

 Even where leave of court is required to file an amended pleading, the trial court may not
refuse an amended pleading unless: (1) the opposing party presents evidence of surprise or prejudice;
or (2) the amendment asserts a new cause of action or defense and thus is prejudicial on its face, and
the opposing party objects to the amendment. Hart, 952 S.W.2d at 95. In this case, Dennis's third
and fourth amended petitions, which were filed more than five weeks after the scheduling order
deadline had passed, added DTPA claims against Giles sixteen months after the original suit was
filed. Because Giles objected timely on the basis of surprise and prejudice, the trial court did not
abuse its discretion in granting Giles's motion to strike Dennis's third and fourth amended petitions. 
See id.

Breach of Warranty Claim


 A warranty claim requires a sale to someone during which the seller vouches for the
condition of the product. Church v. Ortho Diagnostic Sys., Inc., 694 S.W.2d 552, 555 (Tex.
App.--Corpus Christi 1985, writ ref'd n.r.e.). Dennis sat on the defective stool while shopping for
other furniture and admitted that he did not buy or intend to buy the stool; he was simply curious. 
Dennis claims that "the privity requirement has been abolished in warranty cases" but the authority
he cites is unpersuasive. Because Dennis offered no evidence of a sale of the stool to him by Giles,
the trial court properly granted summary judgment in favor of Giles as to Dennis's claim for breach
of implied warranty. See Tex. Bus. & Com. Code Ann. § 2.314 (Vernon 1994); see also Sanchez
v. Liggett & Myers, Inc., 187 F.3d 486, 491 (5th Cir. 1999). 

Products Liability Claim


 Dennis initially filed his products liability claim against Giles as a nonmanufacturing seller. 
After the trial court granted partial summary judgment with regard to that claim, Dennis amended
his petition to add a products liability claim against Giles as a manufacturer. The trial court
subsequently granted summary judgment as to that claim also.

A. Giles as Manufacturer

 The elements of a strict products liability claim are: (1) one who sells any product in a
defective condition unreasonably dangerous to the user or consumer or to his property is subject to
liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a)
the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach
the user or consumer without substantial change in the condition in which it is sold. Firestone Steel
Products Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996). However, section 82 of the Texas Civil
Practice and Remedies Code limits a seller's liability unless they also qualify as a manufacturer or
may be sued in lieu of a manufacturer. Tex. Civ. Prac. & Rem. Code Ann. § 82.001(4); 82.003
(Vernon 2005). "Manufacturer," as defined in section 82.001(4), includes a person who assembles
any product and who places the product in the stream of commerce. Id. at § 82.001(4). Dennis
amended his pleadings to assert that Giles was a manufacturer because Giles's general manager
admitted that Giles assembled the bar stool according to the manufacturer's instructions. 

 When construing a statute, we strive to give effect to the legislature's intent. City of San
Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). We derive intent by looking at the entire
act, not just isolated portions of the statute. Id. When looking at the entire act, we consider its
context, "its nature and object, and the consequences that would follow from each construction." 
Sharp v. House of Lloyd, Inc., 815 S.W.2d 245, 249 (Tex. 1991). We avoid harmonizing the act in
a way that will produce absurd results. Id.

 Section 82 of the Texas Civil Practice and Remedies Code was added by the legislature to
protect innocent sellers from products liability suits unless they had significantly and intentionally
participated in the design or production of the product. (2) Section 82.001(3) defines "seller" as an
entity that distributes or places a product into the stream of commerce for commercial purposes. 
Tex. Civ. Prac. & Rem. Code Ann. § 82.001(3) (Vernon 2005). Section 82.003 states that a seller
that did not manufacture the harm-causing product is not liable to an injured claimant unless the
claimant proves that the seller designed, altered, modified, or installed the product. Id. at
§ 82.003(a)(1)-(3). Section 82.002 states that, for indemnity purposes, a seller who completely or
partially assembles a product in accordance with the manufacturer's instructions shall be considered
a seller. Id. at § 82.002(d). Although the definition of "manufacturer" generally refers to a person
who is an assembler of a product, the specific language in section 82.002(d) was adopted to protect
sellers who merely assembled the product according to manufacturer's instructions from liability to
other downstream sellers. See id.

 Reading the applicable sections of 82.001, 82.002, and 82.003 together, Giles is not a
manufacturer as that term is defined in section 82.001(4). Giles placed the stool into the stream of
commerce but did not design, alter, modify, or install the stool; Giles merely assembled the pre-fabricated stool according to the manufacturer's instructions. The legislature could not have
intended for a seller who merely assembled the product to be liable to an injured party as a
manufacturer but not be liable to a downstream seller for indemnity as a manufacturer. Tex. Civ.
Prac. & Rem. Code Ann. § 82.002(d) (Vernon 2005). Cf. Fitzgerald v. Advanced Spine Fixation
Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999) (holding that a manufacturer who is liable to an injured
party must also indemnify a seller under section 82.002 even if the seller did not sell the particular
product that harmed the defendant). Moreover, Giles's actions did not subject it to liability as a
manufacturer because its actions failed to create a nexus between its assembly of the product and the
alleged defect. See Seelin Med., Inc. v. Invacare Corp., 203 S.W.3d 867, 872 (Tex. App.--Eastland
2006, pet. denied). Viewing the evidence in the light most favorable to Dennis, Dennis failed to link
Giles's assembly actions to the faulty weld. Therefore, the trial court properly granted summary
judgment regarding Giles's status as manufacturer. 

B. Giles as Liable Nonmanufacturing Seller

 Texas courts may exercise jurisdiction over non-resident defendants if personal jurisdiction
is established. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
Personal jurisdiction is established when two conditions are met: (1) the defendant has established
minimum contacts with the forum state, and (2) the exercise of jurisdiction does not offend
traditional notions of fair play and substantial justice. Id. Personal jurisdiction is found if the
defendant's minimum contacts bring about either specific or general jurisdiction. Michiana Easy
Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 789 (Tex. 2005). Specific jurisdiction is established
when the defendant's liability is related to an activity conducted within the forum. Id. at 796. 
General jurisdiction is found when the defendant's contacts with a forum are continuous and
systematic. BMC Software Belgium, N.V., 83 S.W.3d at 796. Because neither party raised evidence
of general jurisdiction, we focus our discussion on specific jurisdiction criteria.

 Whether a court has jurisdiction over a defendant is a question of law. Id. at 794. The trial
court makes this jurisdictional ruling in a special appearance before the case proceeds to trial. Tex.
R. Civ. P. 120a. The trial court, however, often must resolve questions of fact before reaching its
legal conclusion. BMC Software Belgium, N.V., 83 S.W.3d at 794. In a typical suit, the plaintiff
serves process on the defendant alleging facts that indicate the defendant is under the jurisdiction of
the court. Am. Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 807 (Tex. 2002); Cerbone
v. Farb, 225 S.W.3d 764, 766-67 (Tex. App.--Houston [14th Dist.] 2007, no pet.); see also APPA
Tech. Corp. v. Mitchell, 225 S.W.3d 812, 817 (Tex. App.--Dallas 2007, pet. denied). If the
defendant is a corporation, evidence of these facts may include records of defendant's registration
to do business in Texas; records of a designated agent for service in Texas; records of Texas bank
accounts, phone numbers, employees, or offices; and evidence of product marketing through a local
distributor or local channels of distribution. APPA Tech. Corp., 225 S.W.3d at 817. Once the
plaintiff has served the defendant, the non-resident defendant may respond with a special appearance
in which the defendant negates all allegations of jurisdiction asserted by the plaintiff. BMC Software
Belgium, N.V., 83 S.W.3d at 793; Cerbone, 225 S.W.3d at 767. The trial court then examines the
factual evidence of the defendant's contacts to determine whether the facts reveal sufficient
minimum contacts. Michiana Easy Livin' Country, Inc., 168 S.W.3d at 784-85; see also Exchequer
Fin. Group, Inc. v. Stratum Dev., Inc., No. 05-06-01622-CV, --- S.W.3d ----, 2007 WL 4201031, at
*1-3 (Tex. App.--Dallas Nov. 29, 2007, no pet. h.). Evidence such as whether the manufacturer
anticipated the product would end up in Texas is not decisive standing alone. Compare Keen v.
Ashot Ashkelon, Ltd., 748 S.W.2d 91, 93 (Tex. 1988), with Michiana Easy Livin' Country, Inc., 168
S.W.3d at 786, and CMMC v. Salinas, 929 S.W.2d 435, 439-40 (Tex. 1996) (distinguishing Keen
and holding that "additional conduct" is necessary before a foreign defendant may be haled into
court.).

 A summary judgment proceeding is not a trial within a trial and should not be decided by
weighing the relative strength of the evidence. Huckabee v. Time Warner Entm't Co., 19 S.W.3d
413, 422 (Tex. 2000); Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). In a no-evidence motion for summary judgment, the movant must identify which element of the plaintiff's
claim is legally insufficient as a matter of law. Tex. R. Civ. P. 166a(i). The burden is then on the
non-movant to produce some evidence raising a fact issue regarding the challenged element;
however, the non-movant need not proffer all of its evidence. Tex. R. Civ. P. 166a(i) cmt. (1997);
Ford Motor Co., 135 S.W.3d at 601; Merrell Dow Pharm., Inc., 953 S.W.2d at 711. If the non-movant produces more than a scintilla of evidence, it is legally sufficient. Minyard Food Stores, Inc.
v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002).

 Section 82.003(a)(7)(B) of the Texas Civil Practice and Remedies Code permits a claimant
to sue a nonmanufacturing seller of a harmful product if the claimant proves that the manufacturer
is not subject to the jurisdiction of the court. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(7)(B)
(Vernon 2005). Giles filed a timely motion for a no-evidence summary judgment asserting there was
no evidence that the Taiwanese manufacturer was not subject to the jurisdiction of the court;
therefore, Dennis could not sue Giles as a nonmanufacturing seller pursuant to section
82.003(a)(7)(B). Dennis responded with evidence that: (1) Giles knew the stool had been
manufactured by a foreign corporation and distributed to Texas through another entity; (2) the
manufacturer's principal place of business was located in Taipei, Taiwan; (3) the manufacturer was
not registered with the Secretary of State to conduct business in Texas under its corporate name or
an assumed name; (4) no similarly named corporation was found in Texas; (5) the manufacturer was
not registered as an out-of-state financial institution; and (6) the manufacturer had not designated
an agent for service of process in Texas. This evidence was uncontroverted by Giles. 

 Although unregistered non-resident entities, in some cases, have been found to be subject to
the jurisdiction of Texas courts, it is due to the fact that those entities had established sufficient
minimum contacts with the state to overcome any fair play and substantial justice arguments. 
Pessina v. Rosson, 77 S.W.3d 293, 299 (Tex. App.--Austin 2001, pet. denied); see also W. Carolina
Forklift, Inc. v. WIC Servs., L.L.C., No. 05-04-00212-CV, 2005 WL 159622, at *1 (Tex.
App.--Dallas Jan. 6, 2005, no pet.). On the other hand, many unregistered non-resident companies
have been found to be outside the jurisdiction of Texas courts because there were insufficient
minimum contacts. See, e.g., APPA Tech. Corp., 225 S.W.3d at 817 (agreeing that the defendant,
an unregistered Taiwanese manufacturer, was not subject to the jurisdiction of a Texas court simply
because its products were sold in Texas); Exchequer Fin. Group, Inc., 2007 WL 4201031, at *1-2.

 The threshold inquiry is whether the non-resident manufacturer had sufficient minimum
contacts with the forum. Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815
S.W.2d 223, 232 (Tex. 1991). The only evidence of any activity that the Taiwanese manufacturer
conducted "within" Texas was Giles's admission that the manufacturer was Taiwanese and sold the
bar stool to a distributor within the state. The Texas Supreme Court has recently held that "the mere
sale of a product to a Texas resident will not generally suffice to confer specific jurisdiction upon
our courts. Instead, the facts alleged must indicate that the seller intended to serve the Texas
market." Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 577 (Tex. 2007). In all cases, the
decision regarding whether a court has personal jurisdiction over the defendant requires an analysis
of the facts particular to the individual case. See id. Because Dennis, the non-movant in a summary
judgment proceeding, was not required to marshal all of his evidence and because we must view
Dennis's summary judgment evidence in a light favoring him, the fact that the manufacturer is
Taiwanese, is not registered in Texas, has no agent for service of process in Texas, and only sold the
bar stool to a distributor in Texas is some evidence that the manufacturer is not subject to the
jurisdiction of Texas. Therefore, we conclude Dennis raised a fact issue, about which reasonable
minds could differ, regarding whether the Taiwanese manufacturer is subject to the jurisdiction of
the Texas court. Dennis's second point of error is sustained. (3) 

Conclusion

 We reverse the trial court's judgment with regard to Dennis's products liability claim against
Giles as a nonmanufacturing seller because we conclude Dennis produced sufficient summary
judgment evidence to create a fact issue as to whether the Taiwanese manufacturer is subject to the
jurisdiction of the court. The remainder of the trial court's judgment is affirmed.


 Alma L. López, Chief Justice



1. The Honorable Martha Tanner signed the order granting the partial summary judgment on the products liability
claim against Giles Group, Inc. as a nonmanufacturing seller, and the Honorable Lori Massey signed the summary
judgment disposing of the remainder of the claims.
2. Debate on Tex. S.B. 4 on the Floor of the Senate, 73d Leg., R.S. 2 (Jan. 28, 1993) (statement of Senator
Parker) (transcript available from Senate Staff Services Office). 
3. Because we decide that Dennis met his burden of proof for defending the motion for summary judgment under
section 82.003(a)(7)(B), we need not address his statutory construction concerns.